PHOENIX INSURANCE CO., Plaintiff, v. JONATHAN WOODNER CO., Defendant.

Municipal Court, Cincinnati.

No. 541829.   Decided January 24, 1955.

Edward J. Utz, Cincinnati, for plaintiff.
Robert G. McIntosh, Cincinnati, for defendant.

## OPINION

By KEEFE, J.

This matter has been submitted to the court upon defendant's motion for judgment made at the close of the entire case, that is, following all the plaintiff's evidence and the defendant's.

In a trial without jury, such as this, where the court is the trier both of the facts and the law, and the defendant moves for a directed verdict or for judgment at the conclusion of all the evidence and argues at

length in favor of such directed verdict or judgment, and the plaintiff argues fully against the granting of such motion and in favor of judgment in his favor as prayed for in his petition, even though this be in advance of closing arguments, then the case is properly before the court for the court's finding and judgment on all the evidence. In other words, we are the trier of the issues of fact as well as issues of law, and the defendant's motion imposes upon us the obligation of deciding whether, as a matter of fact or law, the plaintiff has failed to sustain the burden resting upon it. There is no reason why this case should proceed further (that is, to closing arguments), and we now rule upon the motion and give judgment accordingly.

The plaintiff has proven its case by a preponderance of the evidence and judgment is for the plaintiff.

There was negligence on the part of the agent of the defendant corporation while said agent was engaged in the service and duties of his employment and said negligence was the direct and proximate cause of the damages sustained by one Joe H. Cole to whose rights the plaintiff corporation has been subrogated. The agency is clearly established by a wealth of testimony, including the sworn statement of John J. Coleman who stated that he was employed by the Jonathan Woodner Company at the time of the explosion and that he was operating defendant's equipment on the scene on different days before said explosion. Also, Mr. "Fuzzy" Mangold testified that he was employed by the defendant company at the time of the explosion and that the defendant's bulldozers were coming up to within "two feet" of the property at 2034 Dale Road, at which address the explosion occurred. Mr. Mangold said that he performed supervisory duties for the Jonathan Woodner Company and directed the operation of the bulldozers in the vicinity of 2034 Dale Road.

Defendant's agents must be held to have anticipated and been aware of the consequences of their operation of heavy earth-moving equipment in close proximity to a dwelling house. What did in fact occur here was a foreseeable result. An ordinarily prudent man would have anticipated what occurred as the result of the bulldozer operation—that is, damage to a gas pipe, escaping gas and ultimately, an explosion.

It should be noted that the detailed expert testimony of Mr. Earl Fertig, district superintendent of the Cincinnati Gas and Electric Company, constitutes credible and convincing proof of the sequence of events and the causation between damage to the gas pipe and the subsequent explosion. His testimony was probative not only as to the facts concerning which he testified but convincing as to his opinions respecting those facts. The court considered him well qualified to analyze the facts about which he testified.

As has been indicated, the court finds that the explosion was directly caused by the escaping gas which resulted from damage by defendant's agent to the shut-off valve box through the operation of bulldozers, said activity coming squarely within the scope of the agent's authority. We are convinced that our conclusion is justified without indulging in guess or conjecture.

It is the court's best judgment that the value of the certain personal property damaged by the explosion and ensuing fire is $591.46 ($619.71 less $28.25), and judgment will be entered accordingly for plaintiff together with its costs.